1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WALTER PERSON,                              No.  2:20-cv-0065 AC P

12                    Plaintiff,

13          v.                                    <u>ORDER</u> and

14    ROBERT BURTON,                              <u>FINDINGS AND RECOMMENDATIONS</u>

15                    Defendant.

16

17          **I.      <u>Introduction</u>**

18          Plaintiff is a California state prisoner who proceeds pro se with an application to proceed

19    in forma pauperis and a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

20           This action is referred to the undersigned United States Magistrate Judge pursuant to 28

21    U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, the court grants

22    plaintiff's request to proceed in forma pauperis but recommends dismissal of this action based on

23    the non-exhaustion of plaintiff's prison administrative remedies.

24          **II.     <u>In Forma Pauperis Application</u>**

25          Plaintiff has submitted an unsigned affidavit, ECF No. 2, which together with the official

26    and prison trust account statement, ECF No. 5, make the showing required by 28 U.S.C. §

27    1915(a).  Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

28    ////

                                                   1

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### III.     Screening of Plaintiff's Complaint

#### A.     Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

#### B.     The Complaint

The unsigned complaint, filed on January 8, 2020, names a single defendant, Robert Burton, Warden of CDCR's Deuel Vocational Institution (DVI) in Tracy.  Plaintiff filed the complaint after his transfer away from DVI.  The complaint alleges that unsanitary living conditions at DVI during plaintiff's incarceration there violated the Eighth Amendment.  Plaintiff alleges, ECF No. 1 at 3:

> The living conditions were unsanitary and inhuman.  I had no clean water to eat or bathe with, no hot water, no electricity, no windows, the toilet was backed up and overflowed with no cleaning supplies to clean the cell.  Rats and roaches were in the cell also.

2

1  Plaintiff seeks compensatory and punitive damages in the amount of $135,000 ($1500 per day for

2  90 days).  ECF No. 1 at 5, 8.  Plaintiff states that he submitted a prison administrative grievance,

3  but concedes that he did not exhaust his administrative remedies before filing this action.  Id. at 2

4  ("The state hasn't responded yet and I'm no longer at that facility.").  Plaintiff has submitted a

5  copy of a state government claim he submitted on January 2, 2020 under the California

6  Government Claims Act.  Id. at 8-9.  In that claim plaintiff identifies the date of the alleged

7  incident at DVI as August 24, 2017.[1]  Id. at 8.

8                 **C.**      **Exhaustion Requirement**

9        The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be

10  brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a

11  prisoner confined in any jail, prison, or other correctional facility until such administrative

12  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion of available

13  administrative remedies is thus a prerequisite to commencing a federal civil rights action.  See

14  Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010) (the "exhaustion requirement does not

15  allow a prisoner to file a complaint addressing non-exhausted claims.").  When a complaint is

16  filed prior to exhaustion, it must be dismissed without prejudice.  McKinney v. Carey, 311 F.3d

17  1198, 1200-01 (9th Cir. 2002) (per curiam).  "The bottom line is that a prisoner must pursue the

18  prison administrative process as the first and primary forum for redress of grievances.  He may

19  initiate litigation in federal court only after the administrative process ends and leaves his

20  grievances unredressed.  It would be inconsistent with the objectives of the statute to let him

21  submit his complaint any earlier than that."  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir.

22  2006).

23        The Supreme Court has held that exhaustion under the PLRA requires compliance with

24  the state's own procedures and regulations.  "[T]o properly exhaust administrative remedies

25  prisoners must 'complete the administrative review process in accordance with the applicable

26

27    [1]  In California, a damages claim for personal injury against a governmental entity must be
submitted within six months after accrual of the cause of action.  Cal. Govt. Code § 911.2.  It

28  appears that plaintiff missed this deadline.

3

1   procedural rules'– rules that are defined not by the PLRA, but by the prison grievance process

2   itself.  Compliance with prison grievance procedures, therefore, is all that is required by the

3   PLRA to 'properly exhaust.'"  <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007) (quoting <u>Woodford v.</u>

4   <u>Ngo</u>, 548 U.S. 81, 88 (2006)).

5          Administrative exhaustion is generally evaluated on summary judgment pursuant to Rule

6   56, Federal Rules of Civil Procedure.  <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014) (en banc),

7   <u>cert. denied</u> <u>sub nom.</u> <u>Scott v. Albino</u>, 135 S. Ct. 403 (2014).  However, because exhaustion is a

8   prerequisite to filing, a prisoner complaint is subject to dismissal at the pleading stage "[i]n the

9   rare event that a failure to exhaust is clear on the face of the complaint."  <u>Id.</u> at 1166; <u>see also</u>

10  <u>Jones</u>, 549 U.S. at 215; <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's

11  concession to nonexhaustion is a valid ground for dismissal"), <u>overruled on other grounds by</u>

12  <u>Albino</u>, 747 F.3d at 1166.

13         **D.**     **<u>Discussion</u>**

14         In the present case, the complaint acknowledges on its face that plaintiff did not exhaust

15  his administrative remedies regarding conditions at DVI before filing this lawsuit.  ECF No. 1 at

16  2.  Accordingly, this is one of those cases in which dismissal at the pleading stage is appropriate.

17  <u>See</u> <u>Wyatt</u>, <u>supra</u>.

18         Plaintiff's explanation that the "state hasn't responded yet and I'm no longer at that

19  facility" does not, and cannot as a matter of law, excuse his failure to exhaust.  CDCR regulations

20  provide that pending inmate appeals continue to be processed when an inmate is transferred from

21  one institution to another.  <u>See</u> CDCR DOM § 54100.18 ("Appeal Processing Responsibilities

22  Involving Two Departmental Institutions/ Regions").[2]  This necessarily means that an

23

24  _____

    [2]  CDCR's Department Operations Manual (DOM) provides in pertinent part at § 54100.18:

25         When an inmate/parolee files an appeal at one institution or parole region,
           and is then transferred prior to the appeal response being completed, the
26         sending institution/parole region shall continue to complete the response.
           The receiving institution/parole region shall provide assistance as needed by
27         the sending institution/parole region, including but not limited to
           coordinating and/or interviewing the appellant, to facilitate the timely
28         completion of the appeal response.

                                                    4

1    administrative appeal process remained available to plaintiff after his transfer.  Accordingly, no

2    exception to the exhaustion requirement is available to plaintiff.  Ross v. Blake, 136 S. Ct. 1850,

3    1856-1857 (2016) (only exception to PLRA's exhaustion requirement is the unavailability of a

4    grievance process).

5         Because it is clear from the face of the complaint that plaintiff did not pursue his only

6    claim through CDCR's administrative review process before commencing this action, the

7    complaint must be dismissed without prejudice.  See McKinney, 311 F.3d at 1200-01.  Because

8    dismissal is mandatory under the PLRA, the complaint fails to present any claim upon which

9    relief may be granted.  Accordingly, dismissal on screening is required by 28 U.S.C. §

10   1915A(b)(1).

11        **IV.   Conclusion**

12        Accordingly, IT IS HEREBY ORDERED that:

13        1.  Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

14        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

15   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

16   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

17   Director of the California Department of Corrections and Rehabilitation filed concurrently

18   herewith.

19        3.  The Clerk of Court is directed to randomly assign a district judge to this action.

20        Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed without

21   prejudice under 28 U.S.C. § 1915A(b)(1), for failure to state a claim, based on plaintiff's

22   concession that he failed to exhaust available prison administrative remedies before filing the

23   instant complaint.

24        These findings and recommendations are submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)

26   days after being served with these findings and recommendations, plaintiff may file written

27   objections with the court.  Such a document should be captioned "Objections to Magistrate

28   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE